IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY CRUMPLER, *ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED*, Plaintiff, v. MIDLAND CREDIT MANAGEMNT, INC. and MIDLAND FUNDING, LLC, Defendants. | : : : : : : : : : : : : | CIVIL ACTION NO. 13-1953 |



**MEMORANDUM OPINION**

RUFE, J.                                                                 DECEMBER 13, 2013

Before the Court is Defendants' (collectively "Midland") Motion to Compel Arbitration and Plaintiff's response thereto. For the reasons stated below the Motion will be denied without prejudice.

**I.  Background**

Anthony Crumpler had a series of cell phones with service provided by T-Mobile.[1] In 2012, T-Mobile determined that he was in arrears in his payments by $835.12. T-Mobile assigned this debt to Midland, a collection agency, which sent Crumpler a notice demanding payment. This notice stated that if Crumpler made a payment to Midland, Midland would cease to charge interest on Crumpler's debt. According to Crumpler, he was not being charged interest in the first place, so Midland made a false statement in violation of the Fair Debt Collection

---

[1] Crumpler makes certain arguments related to T-Mobile's corporate structure. Except where it is relevant to discuss Crumpler's arguments, this Opinion will refer to entities doing business as T-Mobile collectively or individually as "T-Mobile."

Practices Act.[2] Crumpler is the lead plaintiff in a putative class action challenging Midland's alleged practice of making fraudulent statements of this sort to debtors.

Midland responded to Crumpler's complaint by moving to compel arbitration. Midland alleges that at all times relevant to Crumpler's complaint, Crumpler's relationship with T-Mobile was governed by Terms and Conditions that contained an arbitration provision and a class action waiver that Crumpler could have but did not opt out of. Midland further argues that when T-Mobile assigned Crumpler's debt to Midland, it also assigned its right to enforce the arbitration provision and class action waiver and that these terms are enforceable.

The parties conducted discovery related to this motion. Crumpler took the deposition of Christopher Muzio, a T-Mobile custodian of records. Through Muzio, Midland has produced documents, declarations, and testimony that tend to show that when a phone is sent to a customer, as it was in Crumpler's case, T-Mobile's business practice is to include Terms and Conditions in the box. Additionally, Midland, through Muzio, produced an internal T-Mobile memorandum that states that when Crumpler signed up for T-Mobile service over the phone, he orally agreed to the Terms and Conditions. In response, Crumpler requests that the Court strike Muzio's declaration, and he has submitted his own declaration to the effect that he never received the Terms and Conditions in any form. He further states that he never had any communication regarding Terms and Conditions with any T-Mobile employee. Midland requests that this Court strike Crumpler's declaration as self-serving, conclusory, and incredible.

## II. Discussion

In order to resolve Midland's motion to compel arbitration, the Court must first determine the scope of the parties' assertions by resolving their competing requests to strike.

---

[2] 15 U.S.C. § 1692.

A.   *Crumpler's Request to Strike the Muzio Declarations and Their Exhibits*

The crucial issue in this motion is whether Crumpler was put on notice that he was subject to Terms and Conditions containing an arbitration clause and a class action waiver. Crumpler asks this Court to strike Muzio's two declarations from July 2013 (Doc. No. 17-2) and August 2013 (Doc. No. 25-1) and the documents attached to them. If the Court struck Muzio's declarations and the attached documents, Midland would have produced no evidence in support of its motion to compel arbitration. Crumpler argues that the documents are all hearsay and that Muzio did not testify in his declarations on the basis of personal knowledge.

Crumpler's argument fails. The relevant facts that Muzio sponsors are: 1) T-Mobile regularly packages Terms and Conditions with its phones; and 2) a T-Mobile memo states that Crumpler accepted the Terms and Conditions over the phone. Crumpler attacks Muzio's personal knowledge of Crumpler's relationship with T-Mobile, but Midland does not need to show that Muzio was familiar with Crumpler before the litigation. Midland needs to show first that Muzio had personal knowledge of T-Mobile's regular practice of packaging Terms and Conditions, and second that he had personal knowledge of T-Mobile's practice of keeping memoranda.

"Personal knowledge" for purposes of Federal Rule of Evidence 602 "may consist of what the witness thinks he knows from personal perception," and only requires that the witness "who testifies to a fact . . . actually observed the fact."[3] Muzio reviewed business records before his deposition from which he learned of T-Mobile's business practice to put Terms and Conditions in boxes with phones. This allows him to testify to the business practice, which would be sufficient for a factfinder to infer that T-Mobile acted in conformity with the business practice. Crumpler would have this Court hold that Muzio needed specific personal knowledge

---

[3] Fed. R. Evid. 602 Advisory Committee Note (1972).

3

of all the details of Crumpler's account history that he acquired independently of his review of business records. The rules of evidence do not require this degree of proximity to the facts that a witness sponsors, especially in the context of business practices and records. The independent recollection that Crumpler's attorney distinguished from "knowledge that you obtain as a result of having access to business records"[4] is not required to admit Muzio's testimony.

Pursuant to Federal Rule of Evidence 406, evidence of "an organization's routine practice may be admitted to prove that on a particular occasion the . . . organization acted in accordance with the . . . routine practice." Muzio is a Custodian of Records at T-Mobile and has worked there for more than four years.[5] His employment allows him to testify that "The T-Mobile standard operating procedure [is] to include the terms and conditions in the box with the phone."[6]

Next, Muzio's testimony that Crumpler accepted the Terms and Conditions by phone does contain one level of hearsay: Midland wants to admit for truth of the matter asserted that a customer account representative said in a memo that Crumpler accepted the Terms and Conditions. Crumpler's own alleged statement that he accepted the Terms and Conditions is not hearsay because it is a manifestation of assent not an assertion of a fact. The memo's declaration that Crumpler accepted is a factual assertion and therefore hearsay, and it is inadmissible unless it is subject to the business records exception. The memo meets the exception's requirements. It was "made at or near the time [the statement was made] . . . by someone with knowledge";[7] it

---

[4] Doc. No. 34-7 at 47:4–8.

[5] *Id.* at 12:22.

[6] *Id.* at 34:21–23.

[7] Fed. R. Evid. 803(6)(A). The Memo date was January 18, 2006, on or about the same date that Crumpler acquired his T-Mobile phone. Doc. No. 34-8 at 21; Doc. No. 34-12 at ¶4.

was "kept in the course of a regularly conducted activity of a business";[8] "making the record was a regular practice of that activity";[9] and "all these conditions are shown by the testimony of the custodian."[10]

The last requirement of Rule 803(6) is that "neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."[11] Despite Crumpler's heroic efforts to discredit Muzio, the Court holds that he is competent to testify about T-Mobile's business records. Crumpler argues that there are many contradictions between Muzio's July declaration and his deposition. But a close examination of the alleged contradictions shows that his declaration and deposition were not contrary to one another in any material way. Crumpler's arguments range from silly quibbles[12] to downright mischaracterizations of Muzio's statements,[13] and they fail to persuade the Court that the circumstances surrounding T-Mobile's business records indicate a lack of trustworthiness. T-Mobile's business records are admissible

---

[8] Fed. R. Evid. 803(6)(B). The Memo was made when T-Mobile sold Crumpler a phone; it cannot be seriously argued that selling phones is not a regular part of T-Mobile's business.

[9] Fed. R. Evid. 803(6)(C). Muzio's testimony makes it clear that these Memos were a regularly generated by Customer Care representatives. Doc. No. 34-7 at 56:15–60:11.

[10] Fed. R. Evid. 803(6)(D). There is no dispute that Muzio is a Custodian of Records at T-Mobile.

[11] Fed. R. Evid. 803(6)(E).

[12] Crumpler argues, "Paragraph 2 states that Muzio is employed by 'T-Mobile PCS Holdings LLC;' however Muzio testified that he is employed by T-Mobile USA, Inc.'—an entity that no longer exists." Doc. No. 34-1 at 15. Muzio is not a high-ranking T-Mobile official. His lack of intimate knowledge with T-Mobile's corporate structure is unremarkable. And T-Mobile USA, Inc. does exist. See, e.g., Form 8-K for T-Mobile US, Inc. (Nov. 22, 2013) ("T-Mobile USA, Inc. ('T-Mobile USA') [is] a direct, wholly-owned subsidiary of T-Mobile US, Inc."). If Crumpler's own lawyers are not able to figure out which entities doing business as T-Mobile exist, it is hardly surprising that Muzio may have misstated the name of his direct employer, and in any event the discrepancy (if any) is not material.

[13] Crumpler states that "Paragraphs 9 through 14 are based on the 2008 Terms & Conditions, which Muzio testified were never provided to Plaintiff." This is untrue. Muzio never stated that Crumpler was not provided with the 2008 Terms and Conditions; rather, Muzio testified at his deposition that he was mistaken about company policy when he made his August Declaration that the 2008 Terms and Conditions would have been sent to Crumpler by United States Mail and in his monthly billing statement. He did not categorically state that Crumpler was not provided with the Terms and Conditions.

Case 2:13-cv-01953-CMR Document 40 Filed 12/13/13 Page 6 of 9

through Muzio. Therefore, Crumpler's request to strike the declarations and documents attached thereto will be denied.

      B.      *Midland's Request to Strike the Crumpler Declaration*

Crumpler's declaration states in relevant part that T-Mobile failed to package the Terms and Conditions in the box with his phone and that he never accepted the Terms and Conditions over the phone. Midland objects that the declaration is self-serving, not credible, and conclusory, and Midland requests the Court to strike it. The Court declines the invitation. Of course the declaration is self-serving: any step any party takes in litigation will be self-serving. And it is only conclusory because Crumpler is trying to prove the absence of a fact; it is hard to know what more he could do than state that he never received the Terms and Conditions. And whether it is credible that T-Mobile did not send him the Terms and Conditions in the box with his phone despite its ordinary business practice or that the acceptance of the Terms and Conditions by phone never took place despite the memo that noted his acceptance is a classic question for a finder of fact. Accordingly, the Court will not strike Crumpler's declaration.

      *C. The Motion to Compel*

          1. Standard of Review

"[W]here the affirmative defense of arbitrability of claims is apparent on the face of a complaint," a court must review the motion under the standard applied in reviewing motions to dismiss pursuant to Rule 12(b)(6)."[14] If "the opposing party has come forth with reliable evidence that is more than a naked assertion that it did not intend to be bound by the arbitration agreement,"[15] courts allow limited discovery on the question of whether there is an agreement to

---

[14] *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 481 (E.D. Pa. 2011).

[15] *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 774 (3d Cir. 2013).

6

arbitrate and apply the summary judgment standard. If the motion cannot be resolved on summary judgment, the factual question of whether there is an agreement to arbitrate is determined by the court after a hearing or by a jury if a party requests one.[16]

Here, Crumpler, the party opposing arbitration, has come forward with a declaration (neither signed nor sworn, but the Court assumes it is actually Crumpler's sworn statement for the purpose of this Opinion) that he never received T-Mobile's Terms and Conditions. This is close to a "naked assertion" that he did not intend to be bound by an arbitration agreement, but it is more than that. Crumpler asserts that T-Mobile failed to send him the Terms and Conditions in the box that contained his phone and that he "never had a discussion over the telephone with any representative at T-Mobile regarding any Terms & Conditions."[17] These are the two ways that Midland alleges Crumpler received notice that he was bound by the Terms and Conditions.

Because Crumpler has come forward with evidence, i.e., more than a naked assertion that he never agreed to arbitrate, the Court must resolve this motion to compel arbitration according to the summary judgment standard and grant Midland's motion only if there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[18]

### 2. The Motion is Denied Without Prejudice

A fact is "material" if resolving the dispute over the fact "might affect the outcome of the suit under the governing [substantive] law," here the law of contracts.[19] A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[20]

---

[16] *Id.* at 780.

[17] Doc. No. 34-12 at ¶7.

[18] Fed. R. Civ. P. 56(a).

[19] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[20] *Id.*

The fact in dispute here is whether Crumpler had actual or constructive notice of the Terms and Conditions. Under Pennsylvania's law of contracts, an agreement to arbitrate will be upheld where the offeror has "adequately communicate[d] the essential terms of the arbitration agreement."[21] Crumpler had a contract with T-Mobile that was formed by promise to pay for a phone and a service plan in exchange for T-Mobile's promise to supply him with the phone and provide cellular service. For Crumpler to be bound by the Terms and Conditions, T-Mobile must have provided adequate notice of them.[22] Therefore, the disputed fact whether Crumpler was or should have been on notice of the Terms and Conditions is material.

The dispute is also genuine. The only ways Midland alleges Crumpler should have known about the Terms and Conditions were his receipt of them in the box with his phone and his communication over the phone about them. Crumpler alleges neither of these events took place. Crumpler's declaration, if credited, would be sufficient evidence for a factfinder to conclude that T-Mobile had not communicated its Terms and Conditions to him. The Court may not weigh credibility at this stage and therefore must conclude that the dispute is genuine.

Because there is a genuine dispute about a material fact, the Court may not grant the Motion to Compel Arbitration at this time. However, a hearing or trial may not be necessary if Midland can produce documentation related to Crumpler's actual or constructive knowledge that he was bound by the Terms and Conditions. Midland does not allege, for example, that Crumpler was sent an email notifying him of the Terms and Conditions or that Crumpler's monthly statements from T-Mobile contained a statement that Crumpler was bound by the Terms and Conditions. These documents or others like them should likely be obtainable, if they exist, from

---

[21] *Hudyka v. Sunoco, Inc.*, 474 F. Supp. 2d 712, 716 (E.D. Pa. 2007).

[22] *Id.* ("Without knowing the terms of the contract, one cannot accept them.").

8

T-Mobile. Therefore the Court will deny the Motion without prejudice and will allow additional limited discovery on the issue of whether T-Mobile provided any information to Crumpler that reasonably communicated the existence of the Terms and Conditions to which Midland argues he was bound.

## III. Conclusion

For the reasons detailed above, Crumpler's request that the Court strike Muzio's declarations is denied; Midland's request to strike Crumpler's declaration is denied; and Midland's Motion to Compel Arbitration is denied without prejudice. An appropriate Order follows.